# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

**APRIL WILLIAMSON,**
**DAVID L. WILLIAMSON, SR., and**
**DAVID L. WILLIAMSON, JR.,**

    **Plaintiffs,**

**v.**

**TYLER N. TIPTON, Individually, and**
**TIPTON TRANSPORTATION, LLC,**

    **Defendants.**

Case No. 2:22-cv-2295

**JURY DEMANDED**

## COMPLAINT FOR DAMAGES

**COME NOW** the Plaintiffs, April Williamson, David L. Williamson, Sr. and David L. Williamson, Jr., by and through undersigned counsel, and file their Complaint against the Defendants, Tyler N. Tipton, individually, and Tipton Transportation, LLC, for damages arising out of a motor vehicle collision as described herein. In support thereof, Plaintiffs would show unto the Court as follows:

### I.     PARTIES

1.   Plaintiff, April Williamson, is an adult resident citizen of Memphis, Shelby County, Tennessee. Hereinafter, Plaintiff, April Williamson, will be referred to as "Ms. Williamson."

2.   Plaintiff, David L. Williamson, Sr., is an adult resident citizen of Memphis, Shelby County, Tennessee.  Hereinafter, Plaintiff, David L. Williamson, Sr., will be referred to as "Mr. Williamson, Sr."

3. Plaintiff, David L. Williamson, Jr., is an adult resident citizen of Memphis, Shelby County, Tennessee. Hereinafter, Plaintiff, David L. Williamson, Jr., will be referred to as "Mr. Williamson, Jr."

4. Hereinafter, wherever appropriate, Plaintiffs Ms. Williamson, Mr. Williamson, Sr. and Mr. Williamson, Jr. will be referred to collectively as "Plaintiffs."

5. Upon information and belief, Defendant, Tyler N. Tipton, is an adult resident citizen of Grenada, Grenada County, Mississippi, and may be served with process at his permanent residential address. Upon information and belief, Defendant, Tyler N. Tipton, was the owner/operator of a 2019 Ford T-250 Transit van which struck the Plaintiffs' vehicle in Memphis, Shelby County, Tennessee, on or about March 9, 2022. Hereinafter, Defendant, Tyler N. Tipton, will be referred to as "Defendant Tipton."

6. Upon information and belief, at all times relevant hereto, Defendant Tipton was the owner of the 2019 Ford T-250 Transit van which struck Plaintiffs' vehicle on or about March 9, 2022, and is therefore being sued in his individual capacity as well as in his capacity as an employee and/or agent of Defendant, Tipton Transportation, LLC.

7. Upon information and belief, Defendant, Tipton Transportation, LLC, is a Mississippi limited liability company, based in Grenada, Grenada County, Mississippi and may be served with process via its registered agent, Tyler Tipton, who is located at: 38 Orchard Road; Grenada, Mississippi 38901. Hereinafter, Defendant, Tipton Transportation, LLC, will be referred to as "Defendant Tipton Transportation."

8. Upon information and belief, at all times relevant hereto, Defendant Tipton Transportation was the owner of the 2019 Ford T-250 Transit van which Defendant Tipton was operating when he struck Plaintiffs' vehicle on or about March 9, 2022.

9. Upon information and belief, at all times relevant hereto, Defendant Tipton was operating the 2019 Ford T-250 Transit van with the express consent and/or permission of Defendant Tipton Transportation when it struck Plaintiffs' vehicle on or about March 9, 2022.

10. Upon information and belief, at all times relevant hereto, Defendant Tipton Transportation knew or should have known that Defendant Tipton was operating the 2019 Ford T-250 Transit van when it struck Plaintiffs' vehicle on or about March 9, 2022.

11. Upon information and belief, at all times relevant hereto, Defendant Tipton, was an employee and/or agent, whether actual or apparent, of Defendant Tipton Transportation, and was acting in the course and scope of his employment and/or agency with Defendant Tipton.

12. Upon information and belief, at all times relevant hereto, Defendant Tipton Transportation was the employer and/or principal, whether actual or apparent, of Defendant Tipton, who was operating the 2019 Ford T-250 Transit van while on or about the business of Defendant Tipton Transportation.

13. At all times relevant hereto, as the employer and/or principal, whether actual or apparent, of Defendant Tipton, Defendant Tipton Transportation is vicariously liable for the acts and/or omissions of Defendant Tipton in his operation of the 2019 Ford T-250 Transit van when it struck Plaintiffs' vehicle on or about March 9, 2022.

14. Hereinafter, wherever appropriate, Defendants Tipton and Tipton Transportation will be referred to collectively as "Defendants."

## II. JURISDICTION & VENUE

15. The jurisdiction of this lawsuit is proper in the United States District Court for the Western District of Tennessee, Western Division, pursuant to 28 U.S.C. §1332 with damages in excess of $75,000.00.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2), as all wrongful acts, events and/or omissions complained of herein occurred within the jurisdiction of this judicial district in Memphis, Shelby County, Tennessee.

17. This case has been filed in a timely manner, pursuant to Tenn. Code Ann. § 28-3-104, within one (1) year from the date of the accident which is the subject of this cause of action.

## III. STATEMENT OF FACTS

18. On or about March 9, 2022, at approximately 9:37 a.m., Ms. Williamson was lawfully operating her 2021 Hyundai Sonata westbound in the left-hand lane on E. Shelby Drive in Memphis, Shelby County, Tennessee, towards the intersection with Swinnea Road.

19. At all relevant times, Mr. Williamson, Sr. and Mr. Williamson, Jr. were passengers in Ms. Williamson's vehicle.

20. On or about March 9, 2022, at approximately 9:37 a.m., upon information and belief, Defendant Tipton was also operating a 2019 Ford T-250 Transit van westbound in the middle lane on E. Shelby Drive towards its intersection with Swinnea Road.

21. At all relevant times, the 2019 Ford T-250 Transit van operated by Defendant Tipton had window-decals on several of the exterior windows of the vehicle with the name "Tipton Transportation, LLC."

22. On or about March 9, 2022, at approximately 9:37 a.m., Defendant Tipton suddenly changed lanes into the westbound left-hand lane on E. Shelby Drive where Ms. Williamson was operating her vehicle, striking the rear of her vehicle with the front of his Ford Transit van.

23. Upon information and belief, at all times relevant hereto, the 2019 Ford T-250 Transit van was owned by Defendant Tipton and/or Defendant Tipton Transportation.

24. Upon information and belief, at all times relevant hereto, Defendant Tipton was operating the 2019 Ford T-250 Transit van with the permission and consent, whether express and/or implied, of Defendant Tipton Transportation.

25. At all times relevant hereto, Defendant Tipton failed to keep a safe lookout and/or to safely stop before striking other vehicles, including Ms. Williamson.

26. After striking Ms. Williamson's vehicle, Defendant Tipton continued operating his vehicle towards the intersection of Swinnea Road and Runway Road, where Memphis Police officer responded to Plaintiffs' call regarding the collision.

27. As a result of the collision, Ms. Williamson's vehicle suffered damage.

28. As a result of the subject accident, all three (3) Plaintiffs suffered personal injuries and pain and suffering.

29. As a result of their personal injuries, Plaintiffs all sought medical treatment and/or therapy following the collision.

30. As a result of her personal injuries, Ms. Williamson also suffered lost wages as she was ordered to stay off work until completing her course of treatment.

31. As a result of the collision, all three (3) Plaintiffs incurred reasonable medical expenses associated with their necessary medical treatment.

### IV. ACTS OF NEGLIGENCE
### COUNT I: DEFENDANT TIPTON, INDIVIDUALLY

32. Plaintiffs re-allege and incorporate herein the allegations in all paragraphs as set forth above.

33. Defendant Tipton is liable for the following acts of common law negligence, each and every one of which is a direct and proximate cause of the injuries and damages alleged herein:

   a. Negligently failing to exercise that degree of care and caution as required of a reasonable, prudent person under the same or similar circumstances;

   b. Negligently failing to maintain proper control of his vehicle under the same or similar circumstances;

   c. Negligently failing to maintain a safe lookout;

   d. Negligently failing to devote full time and attention to the operation of his vehicle;

   e. Negligently failing to exercise a reasonable degree of care to avoid the collision.

34. Defendant Tipton is guilty of violating one or more of the following statutes of the State of Tennessee, each of which was in full force and effect at the time and place of the collision complained of herein; with each and every such violation constituting a

separate and distinct act of negligence *per se*, each and every act constituting a direct and proximate cause of the injuries and damages complained of herein, to wit:

    a. Tenn. Code Ann. 55-8-103:   Crimes and Offenses;

    b. Tenn. Code Ann. 55-8-123:   Driving on roadways laned for traffic;

    c. Tenn. Code Ann. 55-8-124:   Following too closely; and

    d. Tenn. Code Ann. 55-8-136:   Drivers to exercise due care.

35. Defendant Tipton is guilty of violating one or more of the following traffic ordinances of the City of Memphis, each and every ordinance being in full force and effect at the time and place of the collision complained or herein; with each and every such violation constituting a separate and distinct act or negligence *per se*, and each and every act constituting a direct and proximate cause of the injuries and damages complained of herein:

    a. Code of Ordinances, Section 11-16-2:   Duty to Devote Full Time and Attention to Operating Vehicle; and

    b. Code of Ordinances, Section 11-16-3:   Duty to Drive at Safe Speed, Maintain Lookout and Keep Vehicle Under Control

36. As a direct and proximate result of Defendant Tipton's violations of the above duties, statutes and ordinances, Defendant Tipton collided with Ms. Williamson's vehicle.

37. As a direct and proximate result of Defendant Tipton's negligence, the Plaintiffs have suffered damages.

## COUNT II: DEFENDANT TIPTON TRANSPORTATION

38. Plaintiffs re-allege and incorporates herein the allegations in all paragraphs as set forth above.

39. Upon information and belief, at all times relevant hereto, Defendant Tipton was an employee and/or agent, whether actual or apparent, of Defendant Tipton Transportation, and was acting in the course and scope of his employment and/or agency in operating the 2019 Ford T-250 Transit van owned by Defendant Tipton Transportation.

40. Upon information and belief, at all times relevant hereto, Defendant Tipton Transportation was the employer and/or principal, whether actual or apparent, of Defendant Tipton, who was acting in the course and scope of his employment and/or agency in operating the 2019 Ford T-250 Transit van owned by Defendant Tipton Transportation.

41. As the employer and/or principal, whether actual or apparent, of Defendant Tipton, Defendant Tipton Transportation is vicariously liable under the doctrine of *respondeat superior* for the for the following acts of common law negligence committed by Defendant Tipton, each and every one of which is a direct and proximate cause of the injuries and damages alleged herein:

> a. Negligently failing to exercise that degree of care and caution as required of a reasonable, prudent person under the same or similar circumstances;
>
> b. Negligently failing to maintain proper control of his vehicle under the same or similar circumstances;
>
> c. Negligently failing to maintain a safe lookout;

    d. Negligently failing to devote full time and attention to the operation of his vehicle;

    e. Negligently failing to exercise a reasonable degree of care to avoid the collision.

42. As the employer and/or principal, whether actual or apparent, of Defendant Tipton, Defendant Tipton Transportation is vicariously liable under the doctrine of *respondeat superior* for Defendant Tipton's violations of one or more of the following statutes of the State of Tennessee, each of which was in full force and effect at the time and place of the collision complained of herein; with each and every such violation constituting a separate and distinct act of negligence *per se*, each and every act constituting a direct and proximate cause of the injuries and damages complained of herein, to wit:

    a. Tenn. Code Ann. 55-8-103:    Crimes and Offenses;

    b. Tenn. Code Ann. 55-8-123:    Driving on roadways laned for traffic;

    c. Tenn. Code Ann. 55-8-124:    Following too closely; and

    d. Tenn. Code Ann. 55-8-136:    Drivers to exercise due care.

43. As the employer and/or principal, whether actual or apparent, of Defendant Tipton, Defendant Tipton Transportation is vicariously liable under the doctrine of *respondeat superior* for Defendant Tipton's violation of one or more of the following traffic ordinances of the City of Memphis, each and every ordinance being in full force and effect at the time and place of the collision complained or herein; with each and every such violation constituting a separate and distinct act or negligence *per se*, and each and every

act constituting a direct and proximate cause of the injuries and damages complained of herein:

      a. Code of Ordinances, Section 11-16-2:    Duty to Devote Full Time and Attention to Operating Vehicle; and

      b. Code of Ordinances, Section 11-16-3:    Duty to Drive at Safe Speed, Maintain Lookout and Keep Vehicle Under Control

44. As a direct and proximate result of Defendant Tipton's violations of the above duties, statutes and ordinances, which directly and proximately caused the motor vehicle collision complained of herein, Defendant Tipton Transportation is vicariously liable as Defendant Tipton's employer and/or principal, whether actual or apparent.

45. As a direct and proximate result of Defendant Tipton's negligence, the Plaintiffs have suffered damages for which Defendant Tipton Transportation is vicariously liable as Defendant Tipton's employer and/or principal, whether actual or apparent.

46. Upon further information and belief, at all times relevant hereto, Defendant Tipton operated the 2019 Ford T-250 Transit van with the permission and/or consent, whether express and/or implied, of Defendant Tipton Transportation.

47. Defendant Tipton Transportation is liable to Plaintiffs for their injuries and damages caused by Defendant Tipton's negligent operation of Defendant Tipton Transportation's 2019 Ford T-250 Transit van which he operated with Defendant Tipton Transportation's permission and/or consent.

48. In the alternative, upon further information and belief, at all times relevant hereto, Defendant Tipton operated the 2019 Ford T-250 Transit van with the knowledge, whether actual and/or constructive, of Defendant Tipton Transportation.

49. Defendant Tipton Transportation is alternatively liable for the injuries to Plaintiff caused by Defendant Tipton's negligent operation of the 2019 Ford T-250 Transit van based upon the doctrine of negligent entrustment. At all times relevant herein, Defendant Tipton Transportation entrusted its 2019 Ford T-250 Transit van to Defendant Tipton who was incompetent to use the 2019 Ford T-250 Transit van. Defendant Tipton Transportation had knowledge that Defendant Tipton was incompetent in his ability to safely and dutifully operate the 2019 Ford T-250 Transit van. Defendant Tipton's use of the 2019 Ford T-250 Transit van was the proximate cause of the injury and damage to Plaintiff.

## V.     DAMAGES

50. Plaintiffs re-allege and incorporate herein the allegations in all paragraphs as set forth above.

51. Plaintiffs, as a direct and proximate result of one or more of the above acts of negligence, suffered the following injuries and damages:

    a. Physical injuries to their body either caused, precipitated or aggravated by the wrongs complained of herein;

    b. Physical pain, including past, present and future;

    c. Medical expenses, including past, present and future;

    d. Inability to enjoy normal pleasures, including past, present and future;

    e. Property damage to Ms. Williamson's 2021 Hyundai Sonata; and

    f. Other damages as allowed under the law or in equity, including, but not limited to, out-of-pocket expenses associated with the accident.

## VI.    PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request:

1. That proper process issue and be served upon Defendants Tyler N. Tipton and Tipton Transportation, LLC, and that they be required to appear and answer this Complaint within the time required by law or have the allegations herein be deemed admitted and a default judgment entered;

2. That a jury be empaneled to try this cause;

3. That Plaintiffs be awarded compensatory damages in a fair and reasonable amount to be determined by a jury, but in no event less than $300,000.00;

4. That Plaintiff be awarded all pre-judgment and post-judgment interest on all verdicts or recoveries and discretionary/non-discretionary costs; and,

5. Such further relief as the Court may deem proper.

Respectfully submitted,

SPENCE PARTNERS

By:    /s/ Andrew M. Horvath
ROBERT L. J. SPENCE, JR. (12256)
ANDREW M. HORVATH (33862)
Cotton Exchange Building:
65 Union Ave., Suite 900
Memphis, Tennessee 38103
(901) 312-9160 (O)
(901) 521-9550 (F)
rspence@spencepartnerslaw.com
ahorvath@spencepartnerslaw.com

*Attorneys for Plaintiffs*